# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-18-00780-CV
---

### A. P., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-FM-16-005421, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING
---

---
## NO. 03-18-00781-CV
---

### A. P. and J. P. C., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-FM-17-006849, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

Appellants A.P., who is the mother of B.P. and A.C., and J.P.C., who is the father of

A.C., appeal the trial court's judgments terminating their parental rights.[1]  Raising the same two

---

[1]  We refer to appellants and the children by their initials only.  *See* Tex. Fam. Code
§ 109.002(d); Tex. R. App. P. 9.8.  The underlying cases in these appeals were tried together.  Trial
court cause number D-1-FM-16-005421 involved B.P., and B.P.'s father did not appeal from the

issues on appeal, appellants challenge the trial court's rulings concerning the Texas Department of Family and Protective Services's motion to strike the petition in intervention that the paternal grandmother of A.C. filed in the trial court's cause number D-1-FM-17-006849. Appellants argue that the trial court erred in granting the Department's motion to strike the petition and that the trial court erred in refusing to rehear the motion to strike the petition.

The Department has filed a motion to dismiss both appeals for want of jurisdiction, arguing that appellants do not have standing to complain about the trial court's rulings concerning A.C.'s paternal grandmother's petition in intervention. In the petition to intervene, A.C.'s paternal grandmother requested that the trial court appoint her as A.C.'s permanent non-parent managing conservator. Prior to trial, the trial court granted the Department's motion to strike and denied the petition in intervention.[2] Appellants then filed a motion to reconsider the petition in intervention and to grant A.C.'s paternal grandmother leave to intervene. During the pre-trial hearing, the trial court did not rule on appellants' pending motion to reconsider its ruling on the petition in intervention, citing a local rule.

An appealing party lacks standing to "complain of errors that do not injuriously affect her or that merely affect the rights of others." *In re I.A.B.*, No. 05-17-00497-CV, 2017 Tex. App. LEXIS 10629, at *14 (Tex. App.—Dallas Nov. 10, 2017, no pet.) (mem. op.) (citing *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000)); *see also Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444–46 (Tex. 1993) (stating general test for standing).

judgment terminating parental rights. Trial court cause number D-1-FM-17-006849 involved A.C., the child of A.P. and J.P.C.

[2] A.C.'s paternal grandmother did not appeal the striking of her intervention.

Appellants' issues—limited to challenging the trial court's rulings concerning A.C.'s paternal grandmother's petition in intervention—complain of alleged error that did not injuriously affect them but affected the rights of another, namely A.C.'s paternal grandmother. *See I.A.B.*, 2017 Tex. App. LEXIS 10629, at \*14–15. Thus, we conclude that they lack standing to bring their issues. *See id.* (concluding that grandmother did not have standing to challenge termination of unknown father's parental rights); *D.F. v. Texas Dep't of Family & Protective Servs.*, No. 03-16-00883-CV, 2017 Tex. App. LEXIS 2849, at \*1, 8–9 (Tex. App.—Austin Apr. 4, 2017, no pet.) (mem. op.) (concluding that mother did not have standing to challenge termination of father's rights); *In re D.C.*, 128 S.W.3d 707, 713 (Tex. App.—Fort Worth 2004, no pet.) (concluding that mother lacked standing to complain about termination of unknown father's parental rights and explaining that party on appeal "may not complain of errors that do not injuriously affect her or that merely affect the rights of others"); *see also In re E.N.J.*, No. 06-15-00019-CV, 2015 Tex. App. LEXIS 8459, at \*4 & n.4 (Tex. App.—Texarkana Aug. 13, 2015, no pet.) (mem. op.) (concluding that father did not have standing to raise issue challenging failure of trial court to strike petition in intervention and collecting cases in which "rule, which concerns standing, has also been applied in parental-rights termination cases"); *In re L.K.*, No. 12-11-00169-CV, 2012 Tex. App. LEXIS 10569, at \*18–19 (Tex. App.—Tyler Dec. 20, 2012, pet. denied) (mem. op.) (concluding that parents could not raise issue concerning trial court's denial of conservatorship of children to paternal grandparents who were intervenors "when the intervenors have not raised the complaint themselves"); *K.C. v. Texas Dep't of Family & Protective Servs.*, No. 03-11-00354-CV, 2012 Tex. App. LEXIS 6196, at \*1, 6 (Tex. App.—Austin July 26, 2012, no pet.) (mem. op.)

(explaining that "appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others" and that it was not persuaded that father could raise issue about omission of jury question asking if sister, who was intervenor, should be appointed children's conservator "when [sister] has not raised the complaint herself").

Because we conclude that appellants do not have standing to raise their issues that are limited to complaints about the trial court's rulings on A.C.'s paternal grandmother's petition in intervention, we grant the Department's motion and dismiss these appeals. *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed on Appellee's Motion

Filed: March 26, 2019

4